IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELVIN MATOS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-2970 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

### ORDER OF DISMISSAL

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging the execution of his sentence. He claims that the Texas Board of Pardons and Paroles ("the Board") denied him due process by not providing the particulars for its decision to deny him parole. According to petitioner, he has a federal 14th Amendment due process right to receive notice of the particular reasons he was denied parole. He expressly disclaims any challenge to the parole denial itself. The state court denied habeas relief, finding that petitioner failed to demonstrate the violation of a federal due process right.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. 28 U.S.C. §§ 2254(d)(1), (2).

Under Texas state law, the Board is required to give a prisoner notice of its decision on an application for parole, as well as the reasons why parole was denied in clear, understandable language that contains only the specific reasons why the prisoner, in particular, was denied parole and not other reasons that do not apply to the prisoner. *Ex parte Sepeda*, 2016 WL 6471979 (Tex. Crim. App. 2016). In *Sepeda*, the Texas Court of Criminal Appeals spelled out the statutory requirements as follows:

> [A]pplicant has a statutory right to be informed of the specific reasons that formed the basis for the denial of his parole. The Board is required by § 508.1411 to give applicant notice of its decision, as well as the reasons why applicant was denied parole in clear, understandable language that contains only the specific reasons why applicant, in particular, was denied parole and not other reasons that do not apply to applicant.

*Id*., at *2. However, the court in *Sepeda* also made clear that the statutory provision did not give rise to a federal constitutional due process right. *Id*., at *1 ("We hold that . . . § 508.1411 does not create a liberty interest protected by due process.").

The United States Supreme Court has not determined that state prisoners have a protected federal liberty interest in receiving specific or particular reasons for the denial of parole, or that the Texas statutory scheme at issue here gives rise to a federally-protected liberty interest. Moreover, the Fifth Circuit Court of Appeals has specifically stated that Texas prisoners have no protected liberty interest in parole and as a result, they cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds. *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

The state court denied habeas relief.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law or was an unreasonable determination of the facts based on the evidence in the record.  *See Harrington v. Richter*, 562 U.S. 86, 98–99 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2).  Accordingly, habeas relief is unwarranted.

Habeas relief is DENIED and this lawsuit is DISMISSED WITH PREJUDICE.  Any and all pending motions are DENIED AS MOOT.  A certificate of appealability is DENIED.

Signed at Houston, Texas on December 30, 2016.

_____
Gray H. Miller
United States District Judge